FIRST NATIONAL BANK OF FREDERICK, WISCONSIN, Appellant, v. McILVAINE, et al., Respondents.

(142 N. W. 468.)

1. **Execution—Stay Order—Violation of, by New Suit.**

An order staying for 60 days, all proceedings in an action for a money judgment, except entry of judgment and taxation of costs, and extending for same period the time in which to settle bill of exceptions, or prepare statement of facts and serve notice of intention, etc., merely enlarges time for pur-

poses of a new trial and prevents issuance of execution mean-
while; and, **held**, that an action by plaintiff to subject to said
judgment real estate, the record title to which stands in name
of wife of the judgment debtor, is not a violation of such order,
whether the new action be considered an independent one, or
as ancillary to the prior action.

2. **Appeal—Supersedeas Understaking—Effect on New Suit.**

Where plaintiff, obtaining a money judgment against de-
fendant, who appealed therefrom, rightfully instituted a suit
to subject to the judgment land, the record title to which stood
in name of wife of defendant, the subsequent filing of a super-
sedeas undertaking did not deprive him of the right to main-
tain the new suit, but the trial court could, on good cause
shown on defendant's application, stay the action until deter-
mination of said appeal.

(Opinion filed July 11, 1913.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E.
TAYLOR, Judge.

Action by the First National Bank of Frederick, Wisconsin,
against C. N. McIlvaine and another. From a judgment of dis-
missal and cancelling a notice of lis pendens, plaintiff appeals. Re-
versed and remanded.

See, 31 S. D. 37, 139 N. W. 597.

*Chamberlain & Hall,* and *A. W. Wilmarth,* for Appellant.

The recitals in the order of the court of July 26, 1912, show
that the court regarded the action of Bank v. C. N. McIlvaine
and Sara T. McIlvaine as the same action as that of Bank v. C.
N. McIlvaine.

The two actions are distinct; the parties are not the same,
and the relief asked in the two cases was different. The case of
Bank vs. C. N. McIlvaine was a legal action for the recovery of
money due on some notes. The case of Bank v. C. N. McIlvaine
and Sara T. McIlvaine was an action in equity asking that the
property conveyed by the defendant, C. N. McIlvaine, to defend-
ant Sara T. McIlvaine (which conveyance was under the allega-
tions of the complaint either fraudulent or such as to constitute
her a trustee) be reconveyed to said C. N. McIlvaine. Section
144, Code Civ. Proc.

The action of Bank v. C. N. McIlvaine and Sara T. McIlvaine
is governed and can only be disposed of in the manner provided
for in chapter 12, Code Civil Procedure, and the court had no

authority to dismiss the action on an ex parte motion. Defendant in the case of Bank v. C. N. McIlvaine has appealed to this court from the judgment rendered therein and has put up a supersedeas bond operating as a stay, and if plaintiff could not maintain the action of Bank vs. C. N. McIlvaine and Sara T. McIlvaine until this court had decided defendant's appeal in the case of Bank v. C. N. McIlvaine, there would in the meantime, be nothing whatever to prevent the defendant, Sara T. McIlvaine, from conveying the land in question to an innocent purchaser. It would be unreasonable to put such a construction on the stay order of May 27, 1912, as is contended for by defendants. The court, for the same reasons, as above stated, erred in ordering cancelled the notice of lis pendens in said action.

. Where a creditor has a judgment which is a lien upon property, he has a right to maintain an action to have that property subjected to the satisfaction of such judgment. Ziska v. Ziska, 20 Okla. 634, 23 L. R. A. (N. S.) 1. And where, as in this state, a husband and wife may convey property to and from each other, and property is conveyed from one to the other without consideration, which conveyance is without any other apparent reason, the party having the legal title is the trustee of the one making the conveyance and holds the property in trust for him. Under such circumstances a creditor has a right to proceed to have such property declared to be that of the rightful owner regardles of the legal title. Taney v. O'Conell, (Colo.) 27 Pac. 888.

The former action having been completed and ended, so far as the lower court was concerned, it had no right, under the assumption of further proceedings in the first action, to dismiss the latter, and erred in so doing.

The plaintiff in this action is not asking that this property be subjected to and sold upon an execution.

*Gardner & Churchill,* for Respondents.

The order staying all proceedings required plaintiff to desist until such order were modified or had expired. Uhe v. C. M. & St. P. Ry. Co., 3 S. D. 563; Uhe v. C. M. & St. P. Ry. Co., 4 S. D. 505; Yeager v. Wright, (Ind.) 13 N. E. 707; Ackerman v. Mfg. Co., 16 Wis. 155; 20 Enc. Pl. and Prac., pp. 1209-1210.

The manifest purpose of the order was to preserve the case

in *statu quo* for a period of sixty days, for the purpose of permitting the defendant to prepare a proper record for motion for new trial. Uhe v. Railway Company, 3 S. D. 563, same case reported in 4 S. D. 506; Ackerman v. Mfg. Co., 16 Wis. 155. Article entitled "Stay of Proceedings," 20 Enc. Pl. and Prac.

Suit in the nature of a creditor's bill is not an independent action, but is ancillary to the judgment upon which it is founded. Houghton v. Axelsson, (Kan.) 67 Pac. 825; Hatch v. Door, 4 McLean (U. S.) 102; Chicago Bridge Co. v. Anglo. Am. Co., 46 Fed. 584.

The purpose of the action is to enforce the judgment. It is a proceeding auxiliary to the original action for the purpose of enforcing the judgment, which is the very thing that was stayed by the order staying all proceedings. Cases cited.

If plaintiff was dissatisfied with the scope and effect of the order, its proper proceeding was, not to attempt to avoid its effect, by resort to a court of equity, but to make a motion to modify such order. Article on Executions, 17 Cyc. 1146.

So long as this stay order, absolute in its terms, remained unmodified, the commencement and maintenance of this action was in plain violation of it, and it was the duty of the court to require that this proceeding be dismissed, as a violation of its order. Treat v. Wilson, (Kans.) 46 Pac. 322; Oakes v. Williams, 107 Ill. 154.

GATES, J. This case, No. 3,333, is the same case reported in 139 N. W. 597. The facts are there sufficiently stated. The question now before us is whether the bringing of this action was a violation of the order staying proceedings in the case wherein this plaintiff was plaintiff and the defendant C. N. McIlvaine was defendant, in which judgment was entered May 27, 1912, and which is now before us on appeal as No. 3,349.

[1] The material part of that order of stay is as follows: "Ordered, that a stay of all proceedings in this action, except the entry of judgment and taxation of costs be had for a period of 60 days from this date, and the time within which to settle a bill of exceptions, or prepare and serve affidavits, or transcribe the minutes of the court, or prepare a statement of the case and serve notice of intention to move for a new trial is extended and enlarged to the same period of time." We are clearly of the

opinion that whether the present action be considered as an independent action, or whether it be considered as ancillary to the other action, its institution was not a violation of the order of stay granted in that action. The purpose of this action was to have the lands, the record title to which stood in the name of the wife, decreed to be the lands of the husband. The purpose of the order of stay was to enlarge the period of time in which steps might be taken to move for a new trial, and to prevent the issuance of execution during said period.

[2] It appears that in the other case a supersedeas undertaking accompanied the appeal. That undertaking had not been given at the time execution was stayed. When appellant instituted this action it had the right to do so, and the subsequent filing of a supersedeas undertaking did not deprive it of that right. If after that undertaking had been filed respondents, instead of moving to dismiss this action, had made application to the court in this case for an order staying the progress of this case until the determination of the appeal in that case, it would have been proper, no doubt, for the trial court, upon good cause being shown, to have granted such application upon the ground that the judgment in that case was fully protected by the undertaking on appeal, and that respondents should not be put to the expense and annoyance of the preparation and trial of this case while that appeal was pending. If at the conclusion of this action the lands are held to be the lands of the husband, then the question of levying an execution thereon, and their sale to satisfy the judgment in the other case will present a matter covered by the stay of execution in that case and in its subsequent continuance by the appeal. The defendant husband is in no danger of having his lands, if the lands standing in the name of his wife's are his, subjected to the enforcement of the judgment in the other case until that case is finally determined adversely to him.

The trial court, therefore, clearly erred in dismissing this action and canceling the notice of lis pendens.

The order appealed from is reversed, and the case remanded.